# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Case No.  2:12-cr-00199-JCM-PAL |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| EDWARD MARK FELIX, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the undersigned on Defendant Edward Mark Felix's ("Felix") Motion to Reconsider Detention Order (#57), filed July 30, 2014, and the Government's Response (#60).

## BACKGROUND

On June 5, 2013, Felix was indicted on charges of possession of ammunition by a convicted felon in violation of 18 U.S.C. §§§922(g)(1) and 924(a)(2).  (#1).  A superceding Indictment was returned on July 1, 2014 adding a charge for possession of body armor by a violent felon in violation of 18 U.S.C. § 931.  (#53).  Felix made his initial appearance on June 5, 2012, where he was ordered detained pending trial.  Felix chose not to interview with pretrial services prior to the detention hearing.  Trial in this matter is currently scheduled for September 15, 2014. (#58).

After Felix's initial appearance, the government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f).   The Court considered the information set forth in the government's proffer, the information submitted by Felix in response, and the information provided by Pretrial Services in reaching a determination on pretrial detention.  Ultimately, the Court found that, by clear and convincing evidence, Felix "poses a substantial risk of danger to the community" and is a substantial risk for nonappearance.  *See* Order (#13).  In reaching its conclusion the Court noted:

> [Felix] was on probation at the time of the offense set forth in the indictment.

> Additionally, defendant's prior criminal history record reflects a prior felony conviction. On advice of counsel, the defendant did not interview with Pretrial Services, accordingly, the Court does not have information regarding the defendant's residence or residential history in this or any other community, family ties, employment history, financial resources, mental or physical health, or whether the defendant uses or abuses controlled substances or alcohol. The Court finds there are no conditions or combination of conditions that the Court could fashion at this time that would reasonably assure the defendant's appearance at future court proceedings or protect the community against the risk of danger posed by the defendant, accordingly, the defendant is ordered detained pending trial.

*Id*. Thus, Felix was ordered detained pending trial.

Now, Felix requests that the Court reopen the detention hearing pursuant to 18 U.S.C. § 3142(f) because: (1) a potential third party custodian with whom Felix could reside has been identified, (2) Felix will provide new facts if allowed to interview with Pretrial Services, (3) Felix is no longer on probation. *See* Def.'s Mot. (#57) at 3, 4. The Government opposes the request arguing that none of the bases identified by Felix constitute "new information" as the term is understood in 18 U.S.C. § 3142(f). As such, it requests that the Court "summarily deny" the motion.

## **DISCUSSION**

Pursuant to 18 U.S.C. § 3142(f), the court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

Courts interpret this provision strictly. *E.g.*, *United States v. Ward*, 63 F.Supp.2d 1203, 1206-07 (C.D. Cal. 1999); *United States v. Dillon*, 938 F/2d 1412, 1415 (1st Cir. 1991).[1] The rule requires that the movant, whether prosecutor or defendant, establish: (1) that information now exists that was not known at the time of the initial detention hearing, and (2) the new information is material to release conditions regarding flight or dangerousness. *See United States v. Bowens*, 2007 WL

---

[1] The rationale for the rule is discussed in *United States v. Flores*, 856 F.Supp. 1400 (E.D. Cal. 1994). "There are very few proceedings in federal practice which encourage a party to be less than diligent in bringing forth all material evidence the first time a hearing is held . . . . [a] rule that would not discourage a party for failing to acquire readily available evidence for presentation the first time is a rule that encourages piecemeal presentations. Judicial efficiency is not served by such a practice." *Flores*, 856 F.Supp at 1406.

2220501 (D. Ariz.) (citing *United States v. Hare*, 873 F.2d 796 (5th Cir. 1989)).  Generally, once a detention hearing is reopened, "it is reopened for the purpose of the court's receiving any information, within reason, not submitted at the original detention hearing." *United States v. Barksdale*, 2008 WL 2620380, n. 3 (E.D. Cal.).  This allows new information to be considered in context. *Id*.

      The undersigned has reviewed Felix's motion and is not persuaded that the information upon which the motion is based is either new or material.  The primary premise upon which Felix relies is that he should be given an opportunity to interview with pretrial services and, if given the opportunity, new information would be available.  But no new information is actually provided, only the promise of new information from the interview–an interview which Felix was given the opportunity to participate in previously, but declined on advice from his counsel.  The termination of probation is not new information.  As the Government points out, the end of probation was inevitable.  Significantly, the Government indicates that the probation was dishonorably discharged because Felix failed to comply with his probation – presumably due to the charges in this case.  Finally, the third-party custodian identified by Felix is apparently his nephew, which is not explained to be new information that was previously unavailable.  Ultimately, none of the information presented in the motion constitutes new information that is material to the question of whether Felix is a flight risk or danger to the community.  Accordingly,

      **IT IS HEREBY ORDERED** that Defendant Edward Mark Felix's Motion to Reconsider Detention Order (#57) is **denied**.

      DATED: August 27, 2014.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**